Can everyone hear okay? Yes, Your Honor. Okay. All right. So, you're actually both lawyers. You're not students. And there's only one on each side. So, we're ready to hear argument. Forever a student, Your Honor. And good morning. May it please the Court. My name is Douglas Jalai and I represent the petitioner on this matter, Juan Miguel Hernandez. I'll reserve two minutes for rebuttal. I believe in this case, it really, from a general perspective, it comes down to one thing and one thing only. And that is, is the Ninth Circuit, this Court, going to do the Board's job for it? Clearly, the Board legally erred in finding that the H.S. 11379 conviction is an aggravated felony, an otherwise removable offense. In fact, the government concedes that in their brief. So, we have legal error there. There's no doubt about that. That should end the inquiry because the petitioner was a legal permanent resident of the United States and that conviction was used to take away his status. Let me ask you this. I think you argue that renoun to the BIA is necessary to determine whether Hernandez is removable based on his conviction under 11366 because the record is, quote, unquote, inconclusive as to the identity of the controlled substance at issue. Do we really have jurisdiction to consider this issue because it wasn't raised before the BIA? It didn't need to, it wasn't, it shouldn't, it was never removable, it was never charged, it was never, excuse me, Your Honor. This is a convoluted, complex situation. And the Court, the immigration judge never found that charge in the first place. In fact, the Board, I mean, I think I actually maybe agree with the Court that the Court shouldn't even look at this 11366. It isn't part of the removability of petitioner's removability. The Board, I did raise it before the Board that the 11366 conviction was never addressed below and it should be remanded. But if the Court thinks that it wasn't part of the record of conviction for removability, then it shouldn't be considered. And that's just it. The Board never addressed it at the Certified Administrator Record Page 3 and 4. They never mentioned 8 U.S.C. 1227.82 IIII, which is an aggravated felony. So we've got two issues though, right? We've got the direct appeal and then we have the motion to reopen, right? I only want to focus on the motion to reopen today, Your Honor. I'll rest on my, on the cat arguments, on my brief. I don't think those are very novel issues. And the real spine of this case is, it is that there was legal error in finding that 11379 was removable. And then as an ancillary matter, counsel, can I, can I, yes, can I ask you about the, the, the, these numbers are on the 379. You know, you said, you said it was legally, it was legal error by the BIA and the government doesn't contest that. So that's pretty powerful. That's pretty helpful to you. But I'm kind of struggling. What is the standard that the BIA is supposed to apply in reopening? Because, I mean, you can see that it's a, it's obviously supposed to be a pretty stringent standard. You don't want to just let people be able to reopen things willy-nilly. So what is the standard? This, well, the general standard that the board cites is a matter of COALO, which I think what the court is getting at is, quote-unquote, will likely change the result in this case. But I think that when you have a legal permanent resident that NAAF controls, NAAF v. Gonzalez 467 F3D 1185, that's a Ninth Circuit case, 2006, which is cited. And, and NAAF basically says on a motion to reopen, it's the government's burden to prove that a conviction exists if the respondent or paraphernalia. But the government did that. And the government did that. The government did not respond to the board's recommendations. Originally the government did that, but then the circumstances changed, which happens. That's usually, that's usually the, in fact, you rarely could succeed on a motion to reopen if the circumstances didn't change. But typically, it's sort of a prejudice standard. You know, sort of, you have to not only show the circumstances have changed, but that it would actually, it would presumably, or whatever the standard is, change the result. And so it just seems to me kind of odd that, that in a circumstance like this, that you don't have to make some sort of prima facie showing that you would actually prevail in the, in the motion to reopen. You normally would have to do that in a motion to reopen. So just because you, let me give you an example and see if, see if this illustrates. Let's say your client was convicted of second degree murder, right, and was going to be, and for some reason didn't spend too long a time in prison. And so after that period, it's going to be deported. Then why under, under, if it's true that you sort of just get a free pass, if the, if the conviction that's stated in the notice of removal is gone, why wouldn't you be inclined to go back to the government and say, you know what, I'd like to change and see if you'd be open to me getting a first degree murder conviction. You know, something that's worse, clearly worse, and clearly. And so now that, now that it's a first degree murder conviction, now we have to start all over again from ground one. You have to, you know, the BIA can't say, well, obviously you'd be removable for a first degree also. Like you see what I'm saying, that seems to be the implication of your, of yours and the government's. And so I'm saying this, Mr. George, so you can be thinking about this. I want to know why the government just conceded on 379. And I want to know from you why, why the mere fact that it's changed, why it was wrong for the BIA to say, yeah, but you'd be, you'd be removable based on this too. But the board doesn't, so that's the problem. The board uses the wrong standard. They cite Salviato Fernandez v. Gonzalez. They cite 8 U.S.C., 1229 B.A. Those are standards used for applying for relief. That's an entirely different standard. Okay. Now, that's actually important. So you're saying the board, the board was wrong, not necessarily just because it said you would also be removable, even as a lawful permanent resident for this, but because it didn't actually even do that analysis. It didn't even say that. It doesn't mention that the 11366 is removable. They state it's an aggravated felony, which leads us to believe maybe, you know, let's try to read their minds a little bit, let's be reasonable, give them a little bit of deference. They're the board. But if we read that paragraph where they cite the 11366, it's just not fair to the petitioner to think that they found him removable on the 11366 when every single citation they give, Salviajo-Fernandez, INA 248-3, all the way down to Coelho, all of those cases involve the responder, the petitioner's burden to prove eligibility for relief. In fact, if we read Salviajo-Fernandez, at the second hearing, DHS asserted that the IJ agreed that Salviajo's 11366 conviction constituted an aggravated felony barring cancellation of removal. That case has nothing to do with the department's burden to prove removability, and I don't think it's fair. And here's the crusher for me, is if we look at the record at page 367, and this is me because I litigated this case from the beginning. No, Your Honor, but I guess what I would just, all I'm confirming is the court did not find the 11366 to be an aggravated felony. Judge, to Mr. July, I believe that's correct. So from the beginning, that's off my plate, and I'm not arguing that. So it seems to me that you're taking the position that that section 11366 conviction was not for, quote, maintaining a place for the purpose of selling methamphetamine, unquote. But I'm looking, but can you address a paragraph in one of the criminal, in the one criminal complaint that appears to identify methamphetamine in connection with the charge? Yes, in fact, Your Honor, I argued that before the judge, but the judge held it in advance because it was just such a headache. Well, I may have drawn a little too far there. Well, I guess I'm struggling with the fact that it just seems like your position that your petitioner is not removable at all. Because if I'm focusing on a motion to reopen, there's got to be some reason to reopen it. And to me, I'm looking like that 11366. I'm challenging the removability. I'm challenging the grounds that the immigration judge and the Board of Immigration Appeals found him removable. But you said we're focusing on the motion to reopen. So if I grant the motion to reopen, I would like to think that there's some possibility that you could be successful. And I'm having a hard time seeing that. I will cite the court to the record at page 343, which I initially preserved that issue. I'm going to argue, and I'm quoting now, quote, I'm going to argue, of course, for respondent that it's a straight 11366 with no mention of the drug. Therefore, he's not removable. But then address the paragraph in one of the criminal complaints that talks about methamphetamine in conjunction with the charge. There's an issue with the count one, which I, so, okay, sorry. We have Medina Lara, the holder. And basically, since it's the government's burden, and we have a conflict, okay? In the minute order, it says count one. But on the written plea agreement, the 11366 is silent. It doesn't say, it doesn't reference count one. It doesn't say the name of the drug. And in Medina Lara, it's the same situation where basically the respondent slash petitioner said to the government, hey, or argued, hey, I don't think you've met your burden here. We're asking that the government produce a transcript. And the government didn't produce a transcript. And they didn't produce a transcript in this case. And I preserved the argument below. And the judge basically just said, look, we don't need to address this right now. We're not going to address it. We're going to move on. And we did. And then when I vacated the convictions that didn't make him removable, we came back and we said, look, now we need a decision on this 11366 that needs to be remanded back down so we can properly litigate it. And, again, let's just bring me back to I understand when something is going to be a clear waste of time. Now, really, I think it's best represented by my quote from Chenery, which is a Supreme Court case. At page 11 of my brief, the commission, in Chenery, the commission had applied the wrong standards to the adjudication of a complex factual situation. And the court held that it would not undertake to decide whether the commission's result might have been justified on some other basis. The board used the wrong standard. First, they committed legal error. Ding dong. Number two, they used the wrong standard. This is a complex case of facts. All we're asking for here, and I think what's prudent, just right, fair to my client, is a remand. Can I take you just a second to go? Yes. Because I was asking you why the, and I'm curious to hear from the government on this, too, why the BIA wouldn't be proper for the BIA to just say, I know my first degree, second degree murder example, I know you've gotten some state government to change it out, but what you've gotten them to change it out, you would be equally removable for. And I thought your answer to me was, yeah, but what the BIA cited, too, was not for removing somebody who has lawful permanent residence status, but somebody who had not been admitted. Applying for relief. That person actually did have legal permanent residence, but it was in the context of them applying for relief, so I don't want to get that confused. Applying for relief. Because what they cite to is section, in that paragraph of the BIA decision, they cite to section 8 U.S.C., section 8 U.S.C. 1227A2BI, and isn't that the same section that you would be removable for? No, no, it's not. That's that. There's the mistake, Your Honor. There it is right there. INA 237A2BI is also codified at 8 U.S.C. 1227A2BI, and that is the controlled substance removability. That is not the aggravated felony removability. And if we go down the other statutory section that they cite when talking about aggravated felonies, is 240A3, 240 large A section, small A, and that relates to relief. That's a cancellation of removal. It's for purposes of applying for relief. If it was not his burden. I've got a minute left. I want to reserve that for as long as possible. Thank you. Okay. Thank you. Did you have any questions for me? No, we're good. Okay. All right. Okay. You can reserve. All right. We'll hear from the respondent. Can you tell me why the government did not defend the BIA's, you know, the basis of the BIA's actual decision here? It seems to me like they're kind of, you know, usually if you tell the argument it's a bit of a Hail Mary, and you put your bet on a Hail Mary instead of just going with what the BIA did. So why did you do that? I'll admit I hadn't thought about the case the way Your Honor has just described it in terms of, I think it sort of adds on to the argument that we did make about the 11-366 conviction. It's sort of the same notion that the board is looking at this and saying it's not going to make a difference, and the board relied on the consequences of the 11-379 conviction. I was wondering is there some case that I'm missing where the board, I understand that the idea here is, well, there's no longer, this is not in the NTA. This is not in the NTA. Right? The new conviction is obviously not in the NTA because back when the NTA was issued, the conviction didn't have its conviction. But it's not clear to me why just because it's not in the NTA. The board in doing the normal analysis it does in a motion to reopen and saying why would this make a difference can't say, you know, you're going to be, say what they said, which is you're going to be removable for this too. Yeah, sure, they're going to have to amend the NTA. They're going to have to go through steps for the whole purpose of this, of the motion to reopen. We've said, I think as a court, the reason that motions to reopen are disfavored is we don't want people to be able to just do stall tactics. So use the kind of stylized and crazy example of, you know, you're convicted of secondary murder, but then you go for something worse, right? You go for something worse just to keep yourself from being removed because it would buy you another year or two. That's exactly what we're about. So is that not a concern here? Can you respond to the opposing counsel's argument that, yeah, well, that's not what the BIA, the BIA had error, even assuming the BIA was okay in doing what I'm saying they should be able to do, that there's errors inherent in what they did, and they cited to the wrong cases the wrong provisions. Well, the provision that they cited to is the controlled substance removability provision, the 1227A2B1. I mean, that's exactly what was laid out in the notice to appear on page 59 of the record, and that would actually apply to the 11366 conviction. You would come back and you'd amend, right? Like you'd come back and you'd amend the notice to appear to add this 379 instead of 378, and you'd seek to remove them based on it being a controlled substance conviction. And I think to Judge Callahan, some of the stuff she was pointing out, not really, you can't really dispute that this was for methamphetamine. You just can't. I mean, so just to be clear, I don't want to take up too much time, but your point is not that you made, you didn't somehow reject the argument that's occurring to me now. It's just that you just didn't make the argument. To correct Your Honor, I didn't concede in that. I believe I dropped one footnote that just said we weren't defending it. However, I probably need to withdraw that footnote given this argument that Your Honor is proposing or laying out. I have a follow-up question for you. We cannot decide the case on the ground that the BIA didn't decide the case, right? So we're for a bow in the BIA's decision, except for this is a futility, which is you decided to go that really hard route here. But can we decide the ground? Can we actually defend the BIA when the Department of Justice screws up and doesn't do a good job? Can we decide the ground on the basis the BIA did when the Department of Justice says, well, we're not going to defend that if we think they're right? Well, I mean, that's in the Board's decision. That's what the Board decided. So, absolutely, I'll withdraw that footnote and lay out in the 350 words this argument, given that, I guess, the whole purpose of a Rule 20HA letter is to things that become apparent later. I'm saying more than a Rule 20HA letter because, you know, the other side can be prejudiced by the fact that they haven't had a chance to respond to this. I'll have to think about that. But it's helpful that I know now why this happened. Thank you. Well, they certainly had the opportunity to reject that argument in terms of their opening brief. I mean, this was what the Board said. And so they could have said the Board is completely wrong. I think they went on the sort of more due process-y type of grounds. I don't remember exactly what grounds they went on. If you weren't relying on it, why would they rise to that if you weren't relying on it? Well, I'm talking about their opening brief. This was their first opportunity before I even filed my brief. They didn't defend this argument or say the Board was wrong to sort of do what Trent Dyke is saying here. That was their opportunity to say, look, even if we're going to consider this in terms of a motion to reopen, I have it at my burden of showing that it's going to make a difference. So if we were to determine that the BIA erred in failing to make any findings as to whether the conviction under Section 11366 makes them removable, why is a renewal to the BIA not necessary here? Well, there's nothing left for the Board to do. That conviction was alleged and it was still here. The immigration judge made a factual finding and sustained that allegation and made a finding that it involved methamphetamine. And the Board has now said that conviction is an aggravated felony. And whether it's an aggravated felony is a question of law. It doesn't change whether it's in the relief context or whether it's in the removability context. So the agency has made all the necessary findings to determine that that conviction renders petitioner removable, even though it didn't explicitly say that. All it would do on remand is just write that one sentence and say, we find he's removable for it. And I think it goes to the same argument that Judge Van Dyke was laying out of, it's another reason why it wouldn't make a difference to reopen. Because that's all that's left to do. There's nothing more. There's no more fact-finding that needs to be done. There's no more legal analysis. All those questions are answered. So I think one of the things, how do you respond to petitioner's argument that Health and Safety Codes 11366 could be divisible for purposes of deportability, even if it is not for purposes of relief under Salviejo-Fernandez v. Gonzalez? Honestly, I don't understand that argument. I don't understand why it would be divisible in one context and not divisible in another. As the Court has said many times, whether it's legal or not. So I've thought about this. I think his argument is the difference in burden, right? So if you have the burden versus him having the burden, in theory, that could make a difference if the categorical analysis depended upon facts, right? Because burdens go to facts, right? But as I understand it, the categorical analysis goes to a legal, you know, it's purely a legal analysis. So that's the problem, I think, in our argument. But our argument is if you have the burden when you're actually trying to remove a lawful permanent resident versus them having the burden to show that they're not removable, then ambiguity cuts against you in one instance and against them in the other instance. So you could see where that, but that only matters if there's a factual issue here. And I'm not sure, I don't think there is with categories. Is that, am I right in that? That's my understanding. As I said, the immigration judge found that this was, this conviction existed, and it involved methamphetamine, and then the district never challenged that to the board. And arguably, since I'm exhausted, any sort of contention that there's some sort of factual dispute about the conviction. And I certainly agree that whoever bears the burden bears the consequences of not meeting that burden. But if there's no factual dispute here, and if there's no legal dispute, then the court has said this is categorically an aggravated felony. And the agency has made the necessary factual findings that the conviction exists. This is not a modified, in a modified categorical context. This is categorical, not modified categorical, right? Here. Okay, because that's actually pretty important. Because in the modified categorical, you can provide documents that sort of like would, and that's where whoever had the burden would make a difference. But if this is pure categorical, it's not clear to me why somebody having the burden would make, and that seems to be their petitioner's argument, is that the burden being differently. And that's a good argument, except for the fact that facts make no difference in the categorical approach, I don't think. That's all broadly categorical. If you'll tell me what the dispute is or what sort of the inconclusiveness is, I'll respond to it. But I'm not sure what dispute exists or what inconclusiveness there is that the board has said. It's an aggravated felony. It's in the review context, and it's a motion to reopen decision. But that's the end of the interview. There's no other way to look at it in a different way, because it's a legal question. So whether it's an aggravated felony doesn't matter, but the context doesn't matter at that point. And that dispute wasn't about was he actually convicted or did it actually involve math, because the immigration judge made those findings, and he's going to challenge those findings. Now, there is some issue about whether the immigration judge, him or herself, made the finding about whether it was an aggravated felony, but that all sort of gets wrapped up in this notion of what difference would it make. The board has said it's an aggravated felony. From day one, from the notice to appear, he's been charged with that 11-366 conviction. I guess the agency focused on the 11-378 conviction. There was all the litigation, as I'm sure the court was familiar with, about ICE bars of math and Lorenzo and all of that. So that kind of complemented this whole situation. And the Department of Homeland Security recognized that as that was going on and did attempt to amend the charges in this case and tried to find a ground of removal that would survive all of that. Now, the ICE of us of math question was answered, but kind of answered everything and then petitioned away and then altered his conviction. And so now we're back again sort of starting the process over. And the party still has that 11-366 conviction up there that was charged. It was final. I guess since you've changed your, after listening to Judge Van Dyke, you've altered your argument a bit, but I want to make, do you still concede that the conviction under 11-379 cannot serve as a basis for removability here because it was not charged in the original NTA? I'll say yes in a very limited way. I'll say because it wasn't charged in this notice to appear. I'm not saying for all purposes it couldn't be a basis for removability. For example, if this case does go back and the Department of Homeland Security decides to. And if for purposes of that position that it's in right now. Yes. The board should not have said that is a definitive grounds of removability. Outside the context that Judge Van Dyke has said of that could be a basis for not showing a difference should the proceedings be reopened. So it's over two different contexts. In terms of. Now I'm confused. I thought you were saying that now you thought that the board's, you know, I guess it's three and four, the record three and four of one of the two records. The paragraph that spans those two pages that you were saying, my view was reading that paragraph as there's no reason to reopen this because it wouldn't change the result because you could just amend the NTA and he would be clearly removable for that. And I was asking why wouldn't, and I thought you were saying, well, yeah, actually, why wouldn't it? But now in response to Judge Kelly's question, you're saying, well, I still think, I think we all understand he's not currently removable in that NTA because it's not listed. What I'm asking, that doesn't matter to me. What matters to me is what kind of analysis can the board do? Can the board say just because it's been changed to a different type of murder that still makes you clearly removable, but now the new type of murder isn't in the NTA. Can we look at, well, you'd still be removable. Yeah, the government would have to do several steps to get you removed, but you'd still be removable, so we're not going to grant you a motion to reopen because it won't make a difference. I thought your answer to that was, yeah, there's no reason the board can't do that. Secondly, my answer hasn't changed on that. I thought Judge Callahan was asking, is he removable today for the 11379 conviction. So I may have misunderstood that question. So what happened was, I went back and looked, what happened was your colleague on the other side filed in their opening brief. It's not like they didn't address this at all. He just said what you said, he's not removable today. And then you conceded, and you're like, okay, I'm not going to rely on that. And you didn't address the argument. Just because he's not removable today doesn't mean that the BIA was wrong. So what I'm trying to figure out is like, and I thought you were saying, well, maybe the BIA could have been defended. I probably should have done that. I'm trying to figure out what to do with, I don't know if I like your Hail Mary argument, but I like the argument you didn't make. You didn't make, but the BIA made. So what do I do with that? Because the board made it, that's something the court can deny the petition. That wouldn't be a violation of integrity or something like that. That's the ground that the board ruled on. Just because, I mean, I didn't concede the argument. So there's no, I mean, now there's sort of a provincial type. We can ask the colleague on our side, but if we were, I mean, I don't know, maybe give you both an opportunity to actually brief this issue. But I don't know, I'll have to talk to my colleagues. But let me just ask you, would you be willing to brief the issue if we asked for further briefing, a civil briefing on that particular issue? Yes, Your Honor. Okay. Your time is basically five seconds. Are you done? The court has denied the petition. Thank you. Okay. All right. And you have a minute. Lightning round, Your Honors. Okay. Page 330 of the record. There was a whole colloquy about arguing back and forth about 11366. I'm used to seeing those two records. Is the motion to reopen one or the other one? The motion to reopen Record Book 20-Case. We specifically argue that it was an inconclusive record, and the court's concerned about facts, and the Modified Charter Border Code approach. Look at 3 out of 8 Wilkinson, which I think the court's familiar with. I have cited it. Judge Gorsuch's opinion, an inconclusive record falls out of favor of the alien applying for relief. There it is. 11366 could be the Modified Charter Border Code approach, but we don't know. The board should have made a decision on it and used the correct standards and analyzed it. They didn't do that. Number two, the 11379 is in no way, shape, or form can ever be a removable offense, because we look at page 15 of the 20-Record of Conviction, and we see that it's count four. There's no reference to count four. It's the department's burden. So even if we brief the heck out of this thing, the answer's no. And lastly, refer this to mediation, please, so we can get this out of your hair. Thank you. Let me ask you a question, if I can indulge. If I wanted more cowbell on the issue that I've been asking all these questions about, which is the issue the government sort of bailed on, which is defending what the BIA actually said here, would that be something that you could supply subliminal briefing on? In your briefing, you did address a little bit in the opening brief, but in the opening brief you just said that what you just said now, which is that it's not in the NTA. But my point is, who cares if it's not in the NTA? If it's obvious that the government could easily amend the NTA and that you would be clearly removable, then it's not clearly why the BIA is. You didn't address that, would you? Certainly. I maybe have more visibility than the court does on that, and I'm happy to brief it. The answer is going to be no, and that it won't be removable. I think that's why the government didn't brief it. But I strongly think the court has the power to refer cases after oral argument to mediation. I think this is a great candidate, and I think we can get a remand without the use of the court. But thank you. All right. Thank you both for your argument. This matter will stand as a bed-end to judgement. I don't know about this mediation.
judges: CALLAHAN, VANDYKE, Arterton